UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Tristan Wolusky

   v.                                          Case No. 22-cv-345-SE

Northern New Hampshire
Correctional Facility Warden

**REPORT AND RECOMMENDATION**

Petitioner, Tristan Wolusky, has filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), and an addendum to his petition (Doc. No. 2), challenging his 2015 first degree murder conviction in the Strafford County Superior Court. The petition is before the court for preliminary review to determine if the petitioner has stated any claims that are not meritless on the face of the petition. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen § 2254 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient

on its face"). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Mr. Wolusky is a New Hampshire state prisoner incarcerated at the Northern New Hampshire Correctional Facility serving a sentence of life without the possibility of parole, imposed after a jury convicted him of conspiracy to commit robbery, falsifying physical evidence, hindering apprehension or prosecution, tampering with witnesses and informants, conspiracy to tamper with witnesses and informants, and first-degree murder as a principal or an accomplice. See State v. Wolusky, No. 219-2014-cr-384 (N.H. Super. Ct., Strafford Cty.) ("Criminal Case").

In charging Mr. Wolusky with first degree murder,

> [t]he State alleged that [Mr. Wolusky], acting in concert with Zachary Pinette and/or Michael Tatum, knowingly caused the death of the victim before, after, or while engaged in the commission of a robbery while armed with a knife, and that the victim's death was caused by the knife. [Mr.] Pinette and [Mr.] Tatum pled guilty to multiple charges, including second degree murder, and agreed to testify for the State at [Mr. Wolusky's] trial.

State v. Wolusky, Nos. 2016-0037, 2019-0589, 2021 N.H. LEXIS 141, at *4-6, 2021 WL 4197719, at *1 (N.H. Sept. 15, 2021) (Doc. No. 1-1).

> At trial, Mr. Wolusky testified in his defense. He testified that he neither stabbed [the victim], nor held him down while he was stabbed to death by Mr.

2

> Pinette and Mr. Tatum. . . .  Mr. Wolusky testified that once he and his co-defendants were at [the victim's] home and [the victim] was at the end of his driveway, Mr. Wolusky grabbed him in order to execute the planned robbery.
>
> . . . .
>
> Mr. Wolusky testified that, to his surprise, Mr. Pinette and Mr. Tatum began to attack [the victim]. . . .  Mr. Wolusky testified that he jumped off of [the victim] when the attack began . . . . The autopsy report notes that [the victim] suffered eleven stab wounds to the back and three stab wounds to the back of his right arm. . . .  There is no place on [the victim's] back where he was not stabbed. . . .

Sept. 5, 2019 Order on Mot. for New Trial ("New Trial Order"),

<u>Criminal Case</u> (Doc. No. 1-3, at 3, 5).

> Following trial, [Mr. Wolusky] filed motions to set aside the verdict as against the weight of the evidence and because the State had offered allegedly perjured testimony. . . .
>
> The trial court denied the motions.  The court ruled that, even assuming that a reasonable jury would not have found substantial portions of [Mr.] Tatum's testimony to be credible, and even if the jury had rejected certain portions of [Mr.] Pinette's testimony, "the inconsistencies and contradictions highlighted by [Mr. Wolusky]" did not "so undermine the jury's weighing of the evidence that the jury's guilty verdict . . . was against the weight of the evidence."  In addition, the court found that the State had not suborned perjury, ruling that [Mr. Wolusky's] arguments regarding "perjured" testimony went "to the weight and credibility of [Mr. Pinette's] testimony."
>
> [Mr. Wolusky] also filed a motion for a new trial based on ineffective assistance of trial counsel. . . .  [T]he court denied the motion, ruling that the performance of [Mr. Wolusky's] trial counsel was not constitutionally deficient, but was, rather, "constitutionally effective."  The court found that, notwithstanding the verdict, defense counsel had effectively attacked [Mr.] Pinette's and [Mr.] Tatum's

>  credibility and successfully highlighted many
>  contradictions between their testimony and the
>  physical evidence.  The court concluded that it had
>  "no basis upon which it could determine that trial
>  counsel's trial performance on behalf of [Mr. Wolusky]
>  'failed to function as the counsel the State
>  Constitution guarantees.'"

Wolusky, 2021 N.H. LEXIS 141, at *4-6, 2021 WL 4197719, at *2 (citations omitted).  The trial judge sentenced Mr. Wolusky to life without parole and denied his motions to set aside the verdict and for a new trial.  The New Hampshire Supreme Court ("NHSC"), which had stayed Mr. Wolusky's direct appeal, lifted the stay, affirmed Mr. Wolusky's convictions, and also affirmed the trial court's orders denying Mr. Wolusky's motions to set aside the verdict and for a new trial.  See id.

This court identifies the following claims asserted in the § 2254 petition and its addendum (Doc. Nos. 1, 2):

>  1.   Mr. Wolusky's first degree murder conviction
>  violated his Fourteenth Amendment right to due process, in
>  that:
>       a.   No rational trier of fact could have found
>    him guilty of first-degree murder beyond a reasonable
>    doubt; and
>
>       b.   His conviction was against the weight of the
>    evidence.
>
>  2.   Mr. Wolusky's first degree murder conviction
>  violated his Sixth and Fourteenth Amendment right to the
>  effective assistance of counsel, in that his trial counsel
>  did not re-call the medical examiner who performed the
>  autopsy on the victim, to refute the testimony used to
>  convict Mr. Wolusky, and to corroborate Mr. Wolusky's claim
>  of innocence.

**Discussion**

I. **Prerequisites to Habeas Relief**

    A. **Federal Claims**

A federal court may grant habeas corpus relief to a person in custody pursuant to a state court judgment only on the ground that she or he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A writ of habeas corpus will not issue to correct any error of state law that does not violate the petitioner's federal rights. See id.; Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law" (citation and internal quotation marks omitted)).

    B. **Exhaustion**

To be eligible for relief under § 2254, the petitioner must show that he has exhausted the remedies available in the state courts for each of his federal claims, or that state court remedies are unavailable or ineffective to protect his federal rights. See 28 U.S.C. § 2254(b)(1). A petitioner's state court remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). The burden is on the petitioner to demonstrate exhaustion of state remedies. See id.

## II. Fourteenth Amendment Sufficiency of Evidence (Claim 1(a))

Construed liberally, the petition's challenge to the evidentiary basis of Mr. Wolusky's conviction pleads a Fourteenth Amendment sufficiency-of-the-evidence claim.

> [I]n a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 324 (1979) (footnote omitted).  The court identifies that claim here as Claim 1(a) and concludes that Mr. Wolusky effectively exhausted his state court remedies on Claim 1(a) by litigating his weight-of-the-evidence claim in the state courts.

Lacking pertinent parts of the state court record, this court cannot conclude at this time that Mr. Wolusky's Fourteenth Amendment sufficiency-of-the-evidence claim is meritless. Accordingly, the court directs the respondent to file an answer to Claim 1(a) in the Service Order issued this date.

## III. Weight of the Evidence (Claim 1(b))

Mr. Wolusky contends that his first-degree murder conviction was against the weight of the evidence.  That type of claim is not cognizable in a § 2254 petition.  See Leachman v. Winn, No. 18-1080, 2018 U.S. App. LEXIS 37824, at *5, 2018 WL 11303580, at *2 (6th Cir. July 2, 2018) ("[a] manifest-weight-

6

of-the-evidence claim is a state-law claim and, thus, not cognizable on federal habeas review"); Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence"); Walker v. Brittain, No. 18-3705, 2020 U.S. Dist. LEXIS 149515, at *27, 2020 WL 4815874, at *10 (E.D. Pa. Aug. 19, 2020) ("a challenge to the weight of the evidence produced at trial is not cognizable in a federal habeas proceeding" (footnote omitted) (citing cases)).  Accordingly, the district judge should dismiss Claim 1(b), to the extent it is a state law claim.

**IV.   Sixth Amendment Ineffective Assistance of Counsel (Claim 2)**

In Claim 2, Mr. Wolusky asserts a Sixth Amendment ineffective assistance of counsel claim.  In particular, Mr. Wolusky takes issue with his trial counsel's failure to re-call the medical examiner to explain how the autopsy findings belied Mr. Pinette's testimony, including whether it was possible that Mr. Wolusky had been sitting on top of the victim while the victim was stabbed and slashed.  Mr. Wolusky exhausted his state remedies on this claim in the proceedings on his motion for a new trial.

Lacking pertinent parts of the state court record, this court cannot conclude that the Sixth Amendment ineffective assistance of counsel claim (Claim 2) is meritless.

Accordingly, in the Order this date, the court has directed the respondent to file an answer to Claim 2.

## Conclusion

For the foregoing reasons, the district judge should deny relief on Claim 1(b) and dismiss Claim 1(b) from the petition. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 14, 2022

cc: Tristan Wolusky, pro se