## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Tristan Wolusky

    v.                                    Case No. 22-cv-345-SE-AJ

Northern New Hampshire
Correctional Facility Warden


### REPORT AND RECOMMENDATION

Before the court are petitioner Tristan Wolusky's motions entitled, "Motion/Addendum to the Petition" (Doc. No. 20) and "Motion to Expand the Record" (Doc. No. 29), which, taken together, seek to amend his 28 U.S.C. § 2254 petition by adding new claims alleging violations of his Fourteenth Amendment right to due process and Sixth Amendment right to the effective assistance of counsel. The respondent has objected. See Doc. No. 34.


### Background

This court has allowed the following claims, identified as Claims 1(a) and 2, to proceed in this case:

> 1(a). Mr. Wolusky's first degree murder conviction violated his Fourteenth Amendment right to due process, in that no rational trier of fact could have found him guilty of first-degree murder beyond a reasonable doubt.
>
> 2. Mr. Wolusky's first degree murder conviction violated his Sixth and Fourteenth Amendment right to the effective assistance of counsel, in that his trial counsel did not

re-call the medical examiner who performed the autopsy on the victim, to refute the testimony used to convict Mr. Wolusky, and to corroborate Mr. Wolusky's claim of innocence.

The respondent has filed a motion for summary judgment on both claims.  See Doc. No. 16.  That motion remains pending.

Liberally construed, Document Nos. 20 and 29 seek leave to amend the petition by adding the following new claims, which this court numbers as Claims 3, 4(a)-(b), and 5:

3.    Mr. Wolusky's first degree murder conviction violated his Fourteenth Amendment right to due process, as it was based on Mr. Pinette's trial testimony – that Mr. Wolusky restrained the victim during the murder – which Mr. Wolusky characterizes as false and perjured.

4.    Mr. Wolusky's first degree murder conviction violated his Sixth and Fourteenth Amendment right to the effective assistance of counsel, in that his counsel Attorney Mark Sisti:

a.    Failed to show at trial that Mr. Pinette's testimony regarding Mr. Wolusky's restraint of the victim was perjured; and

b.    Failed to show, in litigating Mr. Wolusky's motion for a new trial, that Mr. Pinette's trial testimony regarding Mr. Wolusky's restraint of the victim was perjured.

5.    Mr. Wolusky's first degree murder conviction violated his Fourteenth Amendment right to due process, as new evidence consisting of the post-trial testimony of Mr. Pinette and the post-trial affidavit of Mr. Tatum, regarding Mr. Wolusky's stabbing and restraint of the victim, show that Mr. Wolusky is actually innocent of first degree murder.

## Standard

A § 2254 petition may be amended as provided in the rules applicable to civil cases.  28 U.S.C. § 2242.  Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend generally should be "freely give[n] . . . when justice so requires."  Id. "Reasons for denying leave include . . . futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).  In assessing futility here, this court applies the same "§ 2254 Rule 4 standard" that the court applied in screening the original petition in this case.  See Nov. 14, 2022 Report and Recommendation ("R&R") (Doc. No. 5, at 1-2), R&R approved, Dec. 13, 2022 Order (Doc. No. 8).  That standard includes determining whether, in light of the record before the Court, the claims the petitioner seeks to add to this case are cognizable, and whether the petitioner appears to have exhausted his state court remedies with respect to each new claim.  See generally 28 U.S.C. § 2254(b)(1).

## Discussion

I.  Perjured Testimony (Claim 3)

The government's knowing use of false or perjured testimony to obtain a conviction violates the Fourteenth Amendment's Due Process Clause.  Napue v. Illinois, 360 U.S. 264, 269 (1959); Abrante v. St. Amand, 595 F.3d 11, 18 (1st Cir. 2010).  It

appears Mr. Wolusky exhausted his Fourteenth Amendment due
process/perjury claim, numbered here as Claim 3, in the state
courts.  See, e.g., State v. Wolusky, No. 219-2014-cr-00384,
219-2015-cr-00238 (N.H. Super. Ct., Strafford Cty. Sept. 19,
2017) (Doc. No. 40-1), appeal declined, No. 2017-0590 (N.H. Nov.
30, 2017) (Doc. No. 40-2).  Accordingly, the district judge
should grant the instant motions (Doc. Nos. 20, 29) to the
extent they seek to add Claim 3 to the petition.  In an Order
issued this date, the Court directs the respondent to file a
response to Claim 3 and establishes a briefing schedule for that
claim.


II.  Actual Innocence (Claim 5)

    Construed liberally, Document Nos. 20 and 29 also seek to
amend the petition to add a claim of actual innocence (Claim 5),
based on Mr. Tatum's post-trial affidavit and Mr. Pinette's
post-trial testimony concerning whether Mr. Wolusky stabbed or
restrained the victim during the murder.

> "Claims of actual innocence based on newly discovered
> evidence have never been held to state a ground for
> federal habeas relief absent an independent
> constitutional violation occurring in the underlying
> state criminal proceeding."  The Supreme Court [has]
> suggested a narrow exception to that rule: "in a
> capital case a truly persuasive demonstration of
> 'actual innocence' made after trial would render the
> execution of a defendant unconstitutional, and warrant
> federal habeas relief if there were no state avenue
> open to process such a claim."

Hayes v. Warden, No. 00-cv-452-JD, 2001 DNH 109, 2001 WL 716129, at *3, 2001 U.S. Dist. LEXIS 9186, at *7-*8 (D.N.H. June 6, 2001) (citations omitted) (quoting Herrera v. Collins, 506 U.S. 390, 400, 417 (1993)).  Mr. Wolusky appears to have exhausted Claim 5, in that the Superior Court denied his motion for a new trial based on that new evidence, and the New Hampshire Supreme Court declined to accept an appeal of that ruling.  See Doc. Nos. 40-1, 40-2.

Assuming, in the absence of briefing on the issue, that Claim 5 might form the basis for federal habeas relief here, this court has directed the respondent to file a response.  The court may reconsider its assumption after the issue has been briefed.  Accordingly, the district judge should grant the motions (Doc. Nos. 20, 29) to the extent they seek to add Claim 5 to the petition.  And the Order issued this date directs the respondent to file a response to Claim 5 and establishes a briefing schedule for that claim.

III.  Ineffective Assistance of Counsel (Claims 4(a)-(b))

A.    Claim 4(a) – Ineffective Trial Representation

Claim 4(a) is Mr. Wolusky's Sixth Amendment claim that his trial counsel provided ineffective assistance of counsel by failing to demonstrate to the jury that Mr. Pinette had lied

under oath in testifying that Mr. Wolusky restrained the victim throughout the fatal assault.  Mr. Wolusky effectively exhausted his state remedies on Claim 4(a).  See State v. Wolusky, Nos. 2016-0037, 2019-0589, 2021 N.H. LEXIS 141, at *4-6, 2021 WL 4197719, at *1 (N.H. Sept. 15, 2021) (Doc. No. 1-1). Accordingly, the district judge should grant the motions (Doc. Nos. 20, 29) to the extent they seek to add Claim 4(a) to the petition.  The Order issued this date directs the respondent to file a response to Claim 4(a) and establishes a briefing schedule for that claim.

    B.    Claim 4(b) – Ineffective Postconviction Representation

    Section 2254(i) provides, in pertinent part, that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  Claim 4(b) relates to Attorney Sisti's representation of Mr. Wolusky in a motion for a new trial, which occurred outside of the direct appeal of Mr. Wolusky's conviction, rendering it a State collateral post-conviction proceeding.  See Bourdon v. Goings, No. 15-CV-138-LM, 2016 U.S. Dist. LEXIS 179729, at *4-6, 2016 WL 7480266, at *2 (D.N.H. Nov. 30, 2016), R&R adopted, 2016 U.S. Dist. LEXIS 179727, 2016 WL 7480356 (D.N.H. Dec. 29, 2016); see also N.H.

Sup. Ct. R. 3 (characterizing an appeal from a motion for a new trial as not "mandatory" and thus outside of direct review process).  Cf. Wall v. Kholi, 562 U.S. 545, 553 (2011) ("collateral review" of judgment or claim, for purposes of 28 U.S.C. § 2244(d)(2), means review of judgment or claim in proceedings outside of direct review process).  Accordingly, the district judge should deny the petitioner's motions to amend the petition (Doc. Nos. 20, 29) in part, to the extent that they seek to add Claim 4(b) to the petition.

## Conclusion

For the foregoing reasons, the magistrate judge recommends: (1) that the district judge grant, in part, the petitioner's motions to amend the petition (Doc. Nos. 20, 29), to the extent that Claims 3, 4(a), and 5 are added to the petition; and (2) that those motions be otherwise denied, so that Claim 4(b) is dismissed and not added to this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the

district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

September 27, 2023

cc:  Tristan Wolusky, pro se
     Elizabeth Woodcock, Esq.